## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RONALD I. MONGOLD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** CIV-969-D |
| | ) | |
| **ONEOK, INC., and OKLAHOMA** | ) | |
| **NATURAL GAS COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1.     This is a civil action asserting causes of action for employment discrimination prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq*., ("ADEA").

### II.  PARTIES

2.     Plaintiff, Ronald I. Mongold, is an individual citizen and resident of the United States who resides in Enid, Oklahoma, within the Western District. Plaintiff was employed and discharged from employment by Defendant in Enid, Oklahoma, within the Western District of Oklahoma.

3.     Defendant, ONEOK, Inc. ("ONEOK"), is a for-profit business entity which has its headquarters and principal place of business in Tulsa, Oklahoma. Defendant, Oklahoma Natural Gas Company ("ONG") is a for-profit business entity which has its

headquarters and principal place of business in Oklahoma City, Oklahoma.

## III. JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, and

29 U.S.C. § 626(c) and § 216(b).

5.     Venue is proper under 29 U.S.C. § 216(b), and 28 U.S.C. § 1391(b) and

(c).

## IV. CONDITIONS PRECEDENT

6.     On or about January 18, 2013, Plaintiff timely filed a charge of

employment discrimination with the Equal Employment Opportunity Commission

("EEOC"), Charge No. 564-2013-0451, alleging, inter alia, that Defendants discriminated

against him based upon his age, among other things. Based upon Plaintiff's letter charge,

an EEOC Charge of Discrimination, EEOC Form 5, was filed on or about March 6,

2013. Plaintiff has exhausted his administrative remedies as to his age claims.

7.     Plaintiff is filing this lawsuit more than sixty (60) days from the date his

EEOC charge was filed against Defendants alleging age discrimination.

## V. FACTUAL ALLEGATIONS

8.     Defendant ONEOK is an employer engaged in interstate commerce or

activities affecting interstate commerce which markets natural gas and related services

to local distribution companies, industrial customers, and power generators. It serves

more than two million customers in Oklahoma, Kansas, and Texas. ONEOK employs

over 2,000 employees at its various locations. Defendant ONG is a division of

2

ONEOK and has a facility in Enid, Oklahoma, where Plaintiff performed work at the time of his discharge. ONG has over 1,000 employees.

9.     Each Defendant is a covered employer under the ADEA. Plaintiff is suing both ONEOK, Inc., and Oklahoma Natural Gas Company under the legal doctrine that such entities are joint employers, or that Oklahoma Natural Gas Company is an operating division of ONEOK, Inc. Both named Defendants controlled Plaintiff's job duties, work rules, policies and procedures, and terms and conditions of employment.

10.     Plaintiff was employed by Defendants from approximately October 12, 1982, until his discharge on or about September 25, 2012. His year of birth is 1958, and he was 53 years of age at the time of his discharge by Defendants.

11.     Plaintiff initially worked for Oklahoma Natural Gas Company in Enid, Oklahoma, during 1982 and 1983 as a garage attendant performing maintenance work on cars and trucks. From 1984 until 1993, he functioned as an Equipment Operator with multiple duties involving construction and maintenance of gas transmission lines, including operating and driving heavy equipment (side booms, backhoes, dozers, pipe trailers, 18-wheelers, and tank trucks). From 1993 until 2001, Plaintiff was a Senior Equipment Operator.

12.     From 2001 until his discharge effective September 25, 2012, Plaintiff was a Senior Field Specialist for pipeline/field support. In such position, Plaintiff was responsible for performing the most senior level of work related to installing and maintaining measurement, regulation, and related equipment involving the transmission

and distribution of natural gas.

13.     On or about August 8, 2011, Plaintiff was forced to work in extreme heat and unsafe working conditions by his supervisor, James Crick. Plaintiff repeatedly informed Crick that he was overheated as a result of working in extremely high temperatures and humidity, and needed to rest in an air-conditioned vehicle to cool down. Crick denied Plaintiff's request. Plaintiff became sick and informed Crick he was going home. After cooling off for about 20 minutes, Plaintiff returned to work for the rest of the day.

14.     Plaintiff was subsequently called to a meeting on August 12, 2011, and told by James Crick and Randy Lillegaard, Division Manager, that he could not perform his job because Crick and Harvey Hightower, Division Human Resources Manager, determined that he was a danger to himself and others because of the heat-related incident. Crick required Plaintiff to be at work and stay at his desk from August 15 until September 7, 2011, even though he was placed on FMLA leave.

15.     On or about September 2, 2011, Plaintiff was taken to Tulsa and given a medical exam by a physician chosen by Defendants. The Defendants' physician concluded that Plaintiff might not be able to perform his job due to diabetes or heat sensitivity, but he was not sure which. Defendants refused to allow Plaintiff to return to work and further refused to provide reasonable accommodations. Defendants did not allow Plaintiff to perform his job duties or place him in another available position, even though Plaintiff's doctor stated he could safely perform his job duties.

4

16.     Ultimately, Plaintiff was placed in his old job on March 5, 2012, after Defendants' Legal Department reviewed the situation. Plaintiff, however, did not have his forced leave time reinstated.

17.     On March 20, 2012, shortly after being allowed to return to work, Plaintiff was informed that he was being placed on a 90-day performance improvement plan ("PIP") for poor work performance during the prior year (even though Plaintiff was forced by his managers to be off work from his old job from August 12, 2011, until March 5, 2012).

18.     On May 23, 2012, Plaintiff was removed from his regular job duties for alleged poor job performance. Thereafter, Plaintiff was forced to work at his desk and perform odd jobs for Randy Lillegaard until he was told of his discharge effective on September 25, 2012. Plaintiff was told he was being terminated due to his failure to perform his job as expected, and failure to follow operating procedures to maintain safe and reliable nature gas service. Plaintiff asserts that the reasons given for his discharge are false and bogus reasons and are clearly pretextual.

19.     Plaintiff was well qualified to perform his assigned job duties, and had received no prior warnings for the reasons given for his discharge or any alleged policy violation.

20.     Defendants have policies stating they will not discriminate against employees because of age. Nonetheless, Defendants subjected Plaintiff to discriminatory treatment, including discharge, because of his age.

21.     All adverse actions described herein, and taken by Defendants against Plaintiff, including without limitation, his discharge, were done intentionally, willfully, and maliciously, or in reckless disregard for the legal rights of Plaintiff.

22.     At the time of Plaintiff's discharge, he was paid at the rate of $23.94 per hour and received fringe benefits. As a result of Defendants' wrongful actions, Plaintiff has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, stress, and loss of enjoyment of life.

## VI.  FIRST CAUSE OF ACTION:
### VIOLATION OF THE ADEA

23.     Plaintiff incorporates hereunder by reference paragraphs 1-22, as set forth above.

24.     Plaintiff was well over age 40 at the time he was subjected to the discriminatory treatment, including discharge, described in ¶¶ 13-18, above.

25.     Plaintiff was fully qualified to perform his assigned job duties and did so in a satisfactory manner.

26.     Younger employees whom Plaintiff had trained were retained after his discharge.

27.     A determining factor in all of Defendants' adverse actions toward Plaintiff, including his discharge, was his age, in violation of the ADEA. As a result of

Defendants' adverse actions, Plaintiff suffered the losses and damages described in ¶ 22, above.

28.     Defendants' violations of the ADEA were willful.

29.     Plaintiff is entitled to all remedies and relief afforded by the ADEA, including, without limitation, liquidated damages. Each Defendant is jointly and severally liable to Plaintiff for all losses caused to him by their discriminatory actions.

## VII.  <u>JURY TRIAL REQUESTED</u>

30.     Plaintiff is entitled to a jury trial under the ADEA, and hereby requests a jury trial.

## VIII.  <u>PRAYER FOR RELIEF</u>

31.     Plaintiff prays for judgment as follows:

A.     Payment of back wages, benefits, and compensation;

B.     Reinstatement to his former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

C.     Liquidated damages in an amount equal to his back pay award;

D.     Punitive or exemplary damages;

E.     Declaratory and injunctive relief as appropriate;

F.     Pre-judgment and post-judgment interest; and,

G.     Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

s/Raymond C. Durbin
OBA No. 2554
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone:          (405) 521-0577
Fax:            (405) 525-0528
Email:          durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**